UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ACADIA INSURANCE COMPANY,§<br>§<br>PLAINTIFF,§<br>§<br>VS.§<br>§<br>MIKO CONSTRUCTION,§<br>§<br>DEFENDANT.§ | CIVIL ACTION NO. 5:18-cv-1316 |

**DEFENDANT ACADIA INSURANCE COMPANY'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Acadia Insurance Company ("Acadia") files this Original Complaint against Miko Construction ("Miko") and would respectfully show the Court as follows:

**I. NATURE OF THE ACTION**

1. This is an action for breach of contract and declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under insurance policies issued by Acadia to named insured Miko.

2. Acadia contends Miko breached its contract with Acadia when it refused to refund the full amount Acadia paid for the losses and failed to surrender possession of Acadia's property. Acadia seeks recovery for its damages and attorney's fees.

3. Acadia also seeks a declaration that Acadia is the rightful owner of the equipment at issue, and in order to keep the equipment, Miko is required to refund the full amount Acadia paid for

Miko's claims under the insurance policy Acadia issued to Miko. In the alternative, Acadia seeks a declaration that it is the rightful owner of the equipment at issue, and Acadia is entitled to possession of the equipment, in addition to reasonable compensation from Miko for rent, depreciation, and wear and tear for that equipment in an amount to be determined by a jury.

## II. PARTIES

1. Acadia Insurance Company ("Acadia") is a New Hampshire company with its principal place of business in Maine.

2. Plaintiff, Miko Construction, is a sole proprietorship with its principal place of business in San Antonio, Texas.

## III. JURISDICTION AND VENUE

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and cost. Plaintiff is organized under the laws of New Hampshire with its principal place of business in Maine, and Defendant is a Texas company with its principal place of business in San Antonio, Texas.

4. This Court has personal jurisdiction over Miko because Miko's principal place of business is located in this judicial district, and, on information and belief, the property at issue in this suit is located in this judicial district. Moreover, the contract upon which relief is herein demanded was entered into and substantially performed within this juridical district.

5. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. In addition, Defendant Miko is subject to personal jurisdiction in this judicial district.

## IV. FACTUAL BACKGROUND

6. Acadia issued to Miko Commercial Lines Policy Nos. CPA 4623674-10 and CPA 4623674-11 for the policy periods from February 4, 2013 to February 4, 2014, and February 4, 2014 to February 4, 2015, respectively. A true and correct copy of the subject policies is attached hereto as Exhibit A.

7. Subject to their conditions and exclusions, the policies' coverage agreements provide that Acadia covers direct physical loss caused by a covered peril to Miko's contractors' equipment or the contractors' equipment of others in Miko's care, custody, or control.

8. On January 27, 2014, Miko reported theft of a Caterpillar Grader Model 120G, serial number 87V1147 (the "Grader"). Pursuant to the terms of the Contractor's Equipment Coverage Endorsement, Acadia issued a payment of $45,000.00, the limit for the Grader under the policy's equipment schedule, and closed its file.

9. On September 29, 2014, the insured reported theft of a Bobcat T300 Track Loader, serial number 53201648 (the "Loader"). Pursuant to the terms of the Contractor's Equipment Coverage Endorsement, Acadia issued a payment of $35,000.00, the limit for the Loader under the policy's equipment schedule, and closed its file.

10. On January 5, 2018, the insured's agent reported both pieces of equipment had been recovered by Miko in 2017.

11. Miko's and Acadia's respective rights with respect to the recovered Grader and Loader are governed by the Recoveries condition found in both policies. Pursuant to the Recoveries condition found in both policies, if Acadia pays the insured for a loss and the lost or damaged property is later recovered, this condition allows the insured to keep the recovered property, but requires the insured to refund Acadia the amount of the claim paid or any lesser amount to which Acadia agrees.

12. The policies provide in relevant part:

> **Recoveries -** If "we" pay "you" for the loss and lost or damaged property is recovered, or payment is made by those responsible for the loss, the following provisions apply:
>
> a. "you" must notify "us" promptly if "you" recover property or receive payment;
> b. "we" must notify "you" promptly if "we" recover property or receive payment;
> c. any recovery expenses incurred by either are reimbursed first;
> d. "you" may keep the recovered property but "you" must refund to "us" the amount of the claim paid or any lesser amount to which "we" agree; and
> e. if the claim paid is less than the agreed loss due to a deductible or other limiting "terms" of this policy, any recovery will be pro rated between "you" and "us" based on "our" respective interest in the loss.

13. On March 26, 2018, Miko's attorney offered to pay $17,322 ($8,984 for the Grader and $8,338 for the Loader) in exchange for Acadia's agreement not to contest Miko's ownership of the property.

14. Acadia declined Miko's offer to purchase the Grader and Loader, and requested Miko surrender possession of the property or refund the full amount Acadia paid for the losses ($80,000.00), minus the insured's recovery expenses.

## V.   CAUSE OF ACTION FOR BREACH OF CONTRACT

15. Acadia incorporates by reference the allegations of all foregoing paragraphs of this Original Complaint.

16. Defendant Miko's conduct constitutes breach of the insurance contracts made between Miko and Acadia.

17. By the express terms of the subject insurance policies, upon recovery of its stolen property, Defendant Miko is obligated to refund Acadia the amount of the claim paid or any lesser amount to which Acadia agrees.

18. To date, Miko has not surrendered possession of the Grader and Loader or refunded the amount Acadia paid for Miko's equipment, $45,000.00 for the Grader and $35,000.00 for the Loader.

19. By its failure to surrender possession of the Grader and Loader, and its failure to pay, *i.e.*, its failure to "refund to [Acadia] the amount of the claim paid or any lesser amount to which [Acadia] agree[s]," Miko breached the terms of the insurance policies, and damaged Acadia in the principal amount of $80,000, exclusive of related costs, charges, interest, and attorney's fees.

20. Miko's breach of the insurance policies was the proximate cause of Acadia's damages.

## VI. CAUSE OF ACTION FOR DECLARATORY JUDGMENT

21. Acadia incorporates by reference the allegations of all foregoing paragraphs of this Original Complaint.

22. Pursuant to the Recoveries condition found in both policies, if Acadia pays the insured for a loss and the lost or damaged property is later recovered, this condition allows the insured to keep the recovered property, but requires the insured to refund Acadia the amount of the claim paid, minus Miko's reasonable documented recovery expenses, or any lesser amount to which Acadia agrees.

23. Acadia has not agreed to accept a lesser amount for the recovered equipment.

24. Pursuant to Federal Rule of Civil Procedure 57, 28 U.S.C. §§ 2201, 2202, and Texas Civ. Prac. & Rem. Code Chap. 37.001, et seq., Acadia seeks a judicial declaration that it is the rightful owner of the Grader and the Loader, and in order to keep the recovered Grader and Loader, Miko is required to refund the full amount Acadia paid for the losses ($80,000.00), minus Miko's reasonable documented recovery expenses, or any lesser amount to which Acadia agrees. In the alternative, Acadia seeks a judicial declaration that it is the rightful owner of the Grader and Loader, and is entitled

to possession of the Grader and Loader, in addition to reasonable compensation from Miko as rent, depreciation, and wear and tear for that equipment in an amount to be determined by a jury.

### VII.   RELIEF REQUESTED

25.   Acadia respectfully requests that judgment be entered in its favor and against Miko for compensatory damages in the principal amount of $80,000. Acadia respectfully requests a judicial declaration that Acadia is the rightful owner of the Grader and Loader, and in order to keep the recovered Grader and Loader, Miko is required to refund the full amount Acadia paid for the losses ($80,000.00), minus Miko's reasonable documented recovery expenses, or any lesser amount to which Acadia agrees. In the alternative, Acadia seeks a judicial declaration that it is the rightful owner of the Grader and Loader, and is entitled to possession of the Grader and Loader, in addition to reasonable compensation from Miko as rent, depreciation, and wear and tear for that equipment in an amount to be determined by a jury.

26.   Acadia seeks recovery of all damages, including reasonable attorney's fees, pre and post judgment interest, and all other damages and costs arising from Miko's wrongful conduct.

### VI.   ATTORNEY'S FEES

27.   Pursuant to Texas Civ. Prac. & Rem. Code Chap. 38.001, et seq., Acadia requests this Court award Acadia its reasonable and necessary attorney's fees and costs incurred in the prosecution of this action as are just, equitable and reasonable.

### VII.   JURY DEMAND

28.   Acadia demands a trial by jury and tenders the required fee herewith.

### VIII.   PRAYER

WHEREFORE, for the foregoing reasons, Acadia prays that this Court render a judgment against Miko as follows:

a.   For compensatory damages in the principal amount of $80,000 for Miko's breach of

4431083v.1

its contract with Acadia;

      b.      For a declaration that, in order to keep the recovered Grader and Loader, Miko is required to refund the full amount Acadia paid for the losses ($80,000.00), minus Miko's reasonable documented recovery expenses, or any lesser amount to which Acadia agrees;

      c.      Awarding Acadia reasonable and necessary attorney's fees;

      d.      Awarding Acadia costs of suit; and

      e.      Awarding Acadia all other relief that the Court deems appropriate.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ J. Price Collins*
**J. PRICE COLLINS**
Texas Bar No. 04610700
Email: price.collins@wilsonelser.com
**W. NICHOLAS TERRELL**
Texas State Bar No. 24075149
Email: nick.terrell@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANTS ACADIA INSURANCE COMPANY**